P. PASTENE & Co., INC., and Another, Appellants, *v.* IRVING NATIONAL BANK, Respondent.

First Department, February 18, 1927.

Banks and banking — drafts — action to recover amount of drafts drawn by Greek merchants and transmitted by Greek bank to defendant for collection — said proceeds were attached by plaintiff in action against Greek merchants — defense that Greek merchants sold drafts to Greek bank and that proceeds belonged to that bank — evidence shows that transfer to Greek merchants was not sale but for collection.

In an action to recover the proceeds of drafts it appears that, in a prior action against Greek merchants, the plaintiffs attached funds in the possession of the defendant, which were realized on the collection of drafts drawn by the Greek merchants on a customer in this country and transferred to a Greek bank, which sent the drafts to the defendant for collection. The defendant refused to deliver the funds to the sheriff on execution issued in the former action. The defense that the drafts were sold to the Greek bank and that the Greek merchants had no title to the funds in question, is not sustained by the evidence. It appears that there was no record in the books of the Greek bank of the purchase of drafts and no written record of any kind between the Greek bank and its customers in relation to the drafts; that the merchants exercised control over the drafts and the proceeds thereof after they were dishonored; and that the testimony of the merchants was not taken to corroborate the contention · of the defendant.

It was error, therefore, for the court to dismiss the complaint at the close of the entire case.

APPEAL by the plaintiffs, P. Pastene & Co., Inc., and another, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 20th day of April, 1925, upon the dismissal of the complaint at the close of the entire case.

*Max M. Hirson* of counsel [*Max L. Rothenberg* with him on the brief; *Hirson & Bertini,* attorneys], for the appellants.

*Holmes V. M. Dennis, Jr.,* of counsel [*Arthur B. King* with him on the brief; *Woodward, Dennis & Buhler,* attorneys], for the respondent.

First Department, February, 1927.                    [Vol. 219

McAvoy, J.    The corporate plaintiff and the sheriff of the county of New York sued the defendant, which is the holder as depositary for collection of the proceeds of certain drafts which plaintiffs attached in a former action and which defendant refused to deliver to the sheriff upon execution issued under the judgment in that action obtained by the plaintiff, Pastene & Co., Inc., against a firm called Ar. C. Economopoulos & Co., fruit merchants of Patras, Greece. The amount of the proceeds of the drafts in the hands of defendant is $4,996.    The judgment recovered against the Greek fruit firm was $10,238.83.    At the trial of this cause a judgment was entered dismissing the complaint.    The former action was one which plaintiffs had instituted in New York against Ar. C. Economopoulos & Co., of Patras, Greece, and they had procured a warrant of attachment against its property.    The sheriff of New York county served a copy of the warrant of attachment on the Irving National Bank; this defendant, which was alleged to have had in its possession at that time the said sum of $4,996, the property, as plaintiffs claim, of the Greek fruit firm, Ar. C. Economopoulos & Co.    This firm was a customer of the Greek Banque D'Economie Nationale of Patras, Greece, and had an account with that bank.

The defendant received this $4,996 as the proceeds of the sale of 1,000 cases of dried currants to a firm in New York known as Yohalem & Diamond.    The payment for this merchandise was to be made by " sight draft against documents in New York by our New York agents, Messrs. Schroeder Bros., 15 Park Row, New York."

The invoice set out that the sellers had drawn two sight drafts in settlement of their account.    The invoice for the currants, the sight drafts and the bill of lading for the goods were forwarded to the defendant Irving National Bank through the Banque D'Economie Nationale, and accompanying the documents was a slip which read:

" To be detached before presenting.    Please permit to the buyers to visit the goods.    In the event of dishonor please protest and communicate with our New York agents Messrs. Schroeder Bros., 15 Park Row, New York, for further instructions.    Barclay 3690."

The said drafts were indorsed as follows:

" Pay to the order of Banque D'Economie Nationale
  Value received    Patras    September 8th, 1920
  Ar. C. Economopoulos & Company
  Ar. C. Economopoulos
  Payez a l'ordre de      Irving National Bank
  valeur en C'encaissement Patras le 31/13 September, 1920
  Banque D'Economie Nationale."

It is contended that since the drafts were indorsed by the  Greek

fruit firm, Economopoulos & Co., to the Greek bank, Banque D'Economie Nationale, this created a legal title to the drafts in the Greek bank and that they became the owners of the drafts and to the proceeds thereof, and that since defendant was merely a collecting agent for the Greek bank the property could not be levied upon as against the Greek fruit firm, Economopoulos & Co., because ownership had gone to the Greek bank. This was the view taken by the learned court at trial.

Plaintiffs contend that the circumstances of the transfer of the drafts and the subsequent conduct of the Greek fruit firm, Economopoulos & Co., the Greek bank and the Greek firm's agent here, Schroeder Bros., show that there was no real transfer of title to the Greek bank, and that the Greek bank received the drafts for collection only, and title to the proceeds, therefore, still remains in the Greek firm, and consequently the attachment and levy thereunder is valid. The circumstances which they consider as showing that the draft involved was not purchased by the Greek bank from the Greek fruit firm, Economopoulos & Co., but merely transferred by indorsement for collection are:

*First,* that the indorsement appearing on the draft from the Greek fruit firm, Economopoulos & Co., to the Greek bank is a mere indorsement of transfer although stated to be for value received; and,

*Second,* that no record appears of any book entry of the transaction of the purchase of the draft in the books of the bank.

It was neither paid for by the banking institution by check nor by crediting the account of the depositor as was customary, but is said to have been paid for in cash. No agreement either oral or written was made between the selling merchants and the Greek bank respecting the discount. When the draft was dishonored, the Greek bank sent no letter or notice to the Greek merchants in relation thereto. Apparently the bank did not look to the indorser or communicate with him upon its dishonor. After dishonor all communications in relation to the draft from New York were had with the Greek merchants, indicating that the Greek bank was not interested in the proceeds, excepting as the merchants' agent for collection.

Although testimony by deposition was taken by defendant in Greece where the merchants resided, their testimony was not taken with respect to the nature of the transaction, and if, as is claimed, the transaction was a sale of the drafts, the merchants were almost necessary witnesses. No explanation was made as to why their testimony was not taken.

The slip annexed to the draft directed that if the draft was dishonored the same should be protested and communication had with

29

the New York agents of the Greek merchants, Messrs. Schroeder Bros., for instructions.

The defendant Irving National Bank's officer Hartman testified that after dishonor he communicated with the purchasers of the currants with respect to an allowance for their lack of quality. The Greek merchants' agent here notified the New York bank that he had received a cable from the Greek merchants directing him to make an allowance on the shipment. No instructions, other than the written ones accompanying the draft, were received by the Irving National Bank from the Greek bank. The Greek bank consented to the deduction of the allowance made to the purchasers by Schroeder Bros., the agent of the Greek merchants. It would seem from this that the Greek merchants controlled the disposition of the proceeds of the draft, and certainly there was sufficient indication that the owners of the draft were the Greek merchants and not the Greek bank through alleged cash purchase. The Greek bank received sight drafts. They were then unaccepted. The bills of lading accompanying the drafts were for goods of whose value the bank was apparently ignorant. Such proof surely provided ground for an inference that the bank would not have made a cash purchase of unaccepted drafts, directed to individuals in a foreign country.

Summarizing then: There was no record in the books of the Greek bank of the purchase of the draft; there is no written record of any kind between the Greek bank and its customers in relation to the draft; there was no agreement either oral or written in connection with the draft, and the Greek merchants exercised control over the draft and the proceeds thereof after it was dishonored. Besides, the testimony of the Greek merchants was not taken to corroborate the contention of the defendant. These considerations compel the conclusion that a question of fact was at least created for an inference that the Greek bank was merely the collecting agent for the Greek merchants and that the proceeds of the draft were the property of that firm. If there was any presumption of the transfer of legal title by the indorsement it was merely a *prima facie* one.

We think the accompanying instructions and surrounding circumstances were sufficient to permit the jury to infer a different intention, and thus to find that the ownership of the proceeds was in the firm against whom the attachment ran.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

DOWLING, P. J., FINCH, MARTIN and O'MALLEY, JJ., concur.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.